836 F.2d 1342
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Robert HOWELL, Plaintiff-Appellant,
v.
GENERAL ELECTRIC COMPANY, Defendant-Appellee.
 No. 87-1044.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 4, 1987.
Decided Jan. 8, 1988.
 
 Blaine A'mmon White, Mitchell, Mitchell & Mitchell, P.A. on brief for appellant.
 Stanley Mazaroff, Venable, Baetjer & Howard on brief for appellee.
 Before JAMES DICKSON PHILLIPS, SPROUSE, and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Howell appeals the district court's grant of summary judgment in favor of his employer, General Electric, on his race discrimination claims. Because we find no error in the ruling below, we affirm.
 
 I.
 
 2
 John Robert Howell brought Title VII and section 1981 charges against General Electric Company alleging that he was discriminated against because he was black. He began working for General Electric in April of 1971, in its Appliance Park-East facility. In 1976, he began a two year pre-supervisory training course. Ten to fifteen black and white employees participated in the course with Howell.
 
 
 3
 In 1978, Howell was promoted to the position of Quality Control Supervisor. He worked under John Johnstone in building one of the facility. In mid-1978, Howell was moved to building number two, where he worked under Frank Kos. In his deposition, Howell said that he enjoyed the supervisory course, he worked well with Johnstone, and he worked well with Kos. Howell said that he had no reason to believe that Johnstone or Kos discriminated against him because of his race.
 
 
 4
 Howell's position as a supervisor was eliminated in December, 1979, because of manpower cutbacks due to foreign competition. He was given the job of Senior Repairman, a demotion in status. Carmel Bruno, a white supervisor, also was demoted during this time. Howell argues that Judge Murray erred in granting GE's motion for summary judgment because there exist genuine disputes of material fact. He also contends that his section 1981 claim is not time-barred because he is suffering continuing injury. Because these claims are completely without merit, we agree with Judge Murray and affirm the grant of summary judgment.
 
 II.
 
 5
 Howell argues that a genuine dispute exists as to whether he was demoted for racially motivated reasons. Judge Murray dismissed this argument reasoning that Howell "offers no facts to support his claims, but merely restates conclusory allegations that he was discriminated against." App. 275-76. Howell seeks to rebut Judge Murray's conclusion with the argument that his affidavit contains statements that he believes he was not treated in the same manner as his co-workers. Howell then makes the unbelievable claim that, "In the face of this affidavit, the conclusory nature notwithstanding, the Court had sufficient material factual issues before it to negate G.E.'s entitlement to summary judgment...." (emphasis added) Appellant's brief at 5.
 
 
 6
 Rule 56(e) of the Federal Rules of Civil Procedure outlines Howell's burden in responding to GE's motion for summary judgment:
 
 
 7
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 8
 See also, Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986), and Celotex Corporation v. Catrett, 106 S.Ct. 2548, 2553 (1986). Howell's two-page affidavit simply is not sufficient to resist GE's motion. The affidavit is conclusory and void of factual support.[1] Such an affidavit will not create a jury question. Barwick v. Celotex Corporation, 736 F.2d 946, 959-960 (4th Cir.1984). Howell testified in his deposition that he believed his demotion was for economic reasons, that he worked well with his supervisors, and that he felt he had been evaluated fairly. Howell did not rebut GE's motion.
 
 
 9
 Howell's section 1981 claims are time-barred. In Maryland, the general three-year limitations period set forth in Md.Cts. & Jud.Proc. Code Ann. Sec. 5-101 governs causes of action raised under 42 U.S.C. Sec. 1981. Burnett v. Grattan, 468 U.S. 42 (1984); Davis v. Bethlehem Steel Corp., 600 F.Supp. 1312, 1321 (D.Md.), aff'd, 769 F.2d 210 (4th Cir.), cert. denied, 106 S.Ct. 573 (1985). Howell filed his complaint on December 23, 1985; any matters occuring before December 24, 1982, are time-barred. Most of Howell's section 1981 claims (counts 11, 12, and 13 in his complaint) occurred prior to 1981. Howell's retaliation claim (count 14) was thoroughly discredited by his own disposition testimony. Judge Murray dismissed all of the claims.
 
 
 10
 Howell argues that his claims remain viable because of their continuing nature. Judge Murray explicitly found that the violations were not continuing in nature, that the incidents were separate and discrete. This court has made clear that the plaintiff's calling the defendant employer's behavior "continuing in nature" does not necessarily make it so. Hill v. AT & T Technologies, Inc., 731 F.2d 175, 179-80 (4th Cir.1984). This court pointed out in Hill that in order for a plaintiff to show a continuing violation, the plaintiff must first show the existence of a violation. "It is only where an actual violation has occurred within that requisite time period ... that under any possible circumstances the theory of continuing violation is sustainable." (emphasis in original) Id. at 180. See also Woodward v. Lehman, 717 F.2d 909, 914-15 (4th Cir.1983). Given that Howell has failed to show enough evidence of racial discrimination to survive a summary judgment motion, he obviously cannot show that such discrimination has continued long enough to justify the displacement of repose statutes. The decision below is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Howell's affidavit reads:
 I, John R. Howell, declare and affirm under the penalties of perjury that the facts contained in this affidavit are true, correct, and complete. I am, the Plaintiff in the above styled matter, competent to give testimony about the facts of this case based upon my personal knowledge thereof, and, have surpassed the age of maturity.
 I was employed in 1971 by Defendant as a Repairman. In 1978 I was promoted to Quality Auditor Supervisor (QAS) after completion of Defendant's Pre-supervisory Training Program. My position as QAS was abolished in 1980 and I was demoted to Repairman. In the year aforesaid I applied for the position of Material Buyer, for which I was fully qualified, but due to the intentional discrimination of Defendant, I was passed over in favor of a less qualified white.
 Defendant, in its 1978 evaluation of my job performance, intentionally and in a racially discrimination manner evaluated me over a shorter period of time than my white co-workers, and Defendant deliberately failed to include the portions of my job performance to which I was entitled. The aforesaid deliberate and intentional, racially motivated disparity between my evaluation of those of my white-co-workers led to a lower overall performance appraisal for me, and ultimately to my denial of a promotion to which I was entitled.
 Defendant promoted whites to the position of QAS without their having attended the pre-supervisory Training Program as I did.
 After filing my original charge of racial discrimination against Defendant, I have been harassed and retaliated against by Defendant.
 During my deposition Defendant had my supervisor present. The presence of my supervisor was, to say the least, intimidating. I was uncertain as to some of the questions raised by Defendant's counsel and was careful as to my responses in light of my supervisor's presence. Therefore, I want to make it clear that the acts I complained of in my initial EEOC complaint, the subject of this litigation, and the complaint by which I instituted this litigation, were of an intentional racially discriminatory nature amounting to racial discrimination against me.
 Joint App. 85. Howell's claim that he was passed over for a promotion to "Materials Buyer" in favor of a less qualified white woman was alleged before the trial court in this case. However, the court correctly ruled that the issue was not in the proper procedural posture to be heard at this time because the claim was not raised in the plaintiff's complaint. Joint App. 274. Even if this issue were properly before the court, Howell admitted at his deposition several facts which refute any claim that he was denied a promotion because of his race.